UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Deborah Wasserman,
    Petitioner

    v.                                    Civil No. 10-cv-32-SM
                                          Opinion No. 2010 DNH 024
United States of America,
    Government

**O R D E R**

Petitioner seeks sentence relief under the provisions of 28 U.S.C. § 2255.  The petition is arguably untimely as it was filed more than one year after judgment became final.  Within the limitations period, however, petitioner's husband filed the petition, ostensibly on her behalf, and she now seems to adopt that prior filing as her own act.  The motion to extend time to file the petition, docketed in 02-cr-153-15-SM (document no. 433), shall be re-docketed in this case, and that motion is granted.

Assuming, without deciding, that the petition is timely, it must still be dismissed.  Petitioner makes no assertion that her conviction or sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

The files and records of the case conclusively show that the prisoner is entitled to no relief, that the sentence imposed was authorized by law, and that there has been no denial or infringement of the constitutional rights of the defendant.

Petitioner's complaints, although brought under Section 2255, are actually directed at the conditions of her confinement, and do not challenge the legality of her sentence.  She asserts, essentially, that prison staff have demonstrated deliberate indifference to her serious medical needs, and she makes specific points with respect to her diabetes condition.  If her claims are valid, relief can be had through available Bureau of Prisons administrative procedures, or, failing that, in a civil action against those persons denying her necessary medical care (see 42 U.S.C. § 1983), but not in a petition under Section 2255.

The petition is dismissed.  The court declines to issue a certificate of appealability (see Rule 11(a), Rules Governing Section 2255 Proceedings).  The clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 10, 2010

cc: Deborah Wasserman, pro se
    Aixa Maldonado-Quinones, Esq.